IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| |  |
|---|---|
| PAUL CASILLAS-SANCHEZ, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>RYDER MEMORIAL HOSPITAL, INC., *et al.*,<br><br>**Defendants**. | **Civil No.** 11-2092 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The Court **GRANTS** defendant Hospital Ryder Memorial, Inc. ("Ryder")'s motion to dismiss plaintiffs' survivorship action for lack of subject matter jurisdiction. (Docket No. 75.)[1]

Plaintiffs' second amended complaint seeks damages for the alleged pain and suffering endured by decedent Ms. Rosa Sanchez ("Ms. Sanchez") during her stay at Ryder. (Docket No. 30.) Pursuant to article 1802 of the Puerto Rico Civil Code, that cause of action is a survivorship claim requiring all heirs of the decedent's "sucesion" to be joined as plaintiffs. Cruz-Gascot v. HIMA - San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14 (D.P.R. 2010) (Besosa, J.). In the second amended complaint, only eight out of nine heirs to Ms. Sanchez's "sucesion" are included as plaintiffs: Paul Casillas-Sanchez, John Casillas-Sanchez, Cleto Casillas-

---

[1] The motion was joined by defendant Edgar Cardona-Traverzo (Docket Nos. 78 and 79).

Civil No. 11-2092 (FAB)                                              2

Sanchez, Rosa Esther Casillas-Sanchez, Rosa Maria Casillas-Sanchez, Juanita Casillas-Sanchez, Perter Casillas-Sanchez, and Robert Richardson Casillas bring the action for damages for the death of their mother and grandmother, Ms. Sanchez.  (Docket No. 30.)  Mr. Pablo Casillas-Moran ("Mr. Casillas"), Ms. Sanchez's widower, however, is not named.  Id.

Pursuant to Fed.R.Civ.P. 19, the Court finds that Mr. Casillas-Moran is a necessary and indispensable party to the survivorship claim because he is a member of Ms. Sanchez's "sucesion."  See generally Segura-Sanchez v. Hosp. Gen. Menonita, Inc., 2013 U.S. Dist. LEXIS 97914 (D.P.R. 2013) (Besosa, J.) (citing Cruz-Gascot, 728 F.Supp.2d at 26-31 and Pino-Betancourt v. Hosp. Pavia Santurce, 2013 U.S. Dist. LEXIS 31755 (D.P.R. 2013) (Besosa, J.)).  Defendant Ryder has indicated that Mr. Casillas-Moran is the only heir domiciled in Puerto Rico.  (Docket Nos. 75 and 84.)  Exhibit 2 of Ryder's motion (Docket No. 75-2) includes Pablo Casillas-Moran as a member of the sucesion.  The translation is at docket number 84-2.  "In a case grounded in diversity of citizenship, the absence of a non-diverse, indispensable party to the survivorship claim is not a mere procedural defect. Rather, it destroys the district court's original subject matter jurisdiction."  Segura-Sanchez, 2013 U.S. Dist. LEXIS 97914 at 10 (internal citation omitted).  Thus, including Mr. Casillas-Moran as

Civil No. 11-2092 (FAB)                                                         3

a plaintiff will destroy the diversity upon which plaintiffs base the Court's subject matter jurisdiction.

As stated numerous times before, "[p]laintiffs may not manufacture diversity in order to gain access to federal court, and when a survivorship claim arising under article 1802 does not include all heirs of the estates, dismissal is warranted." Segura-Sanchez, 2013 U.S. Dist. LEXIS 97914 at 10 (internal quotations and citations omitted). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** plaintiffs' survivorship claim.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 1, 2013.

                                              s/ Francisco A. Besosa
                                              FRANCISCO A. BESOSA
                                              United States District Judge