IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAUL CASILLAS-SANCHEZ, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> RYDER MEMORIAL HOSPITAL, INC., *et al.*, <br><br> **Defendants**. | **Civil No**. 11-2092 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the "petition for certification of issue of law" filed by defendant Ryder Memorial Hospital, Inc. ("Ryder") on August 8, 2013. (Docket No. 98.) Having considered the arguments contained in defendant Ryder's motion, as well as the opposition filed by plaintiffs, (Docket No. 99), the Court **DENIES** defendant Ryder's petition for certification to the Supreme Court of Puerto Rico.

I.   **PROCEDURAL BACKGROUND**

On February 24, 2012, seven children and one grandchild (collectively, "plaintiffs") of decedent Mrs. Rosa E. Sanchez ("Rosa") filed this diversity action against, *inter alia*, Ryder Hospital and Dr. Edgar A. Cardona-Traverso ("Dr. Cardona"). (Docket No. 30.) Plaintiffs allege gross negligence and medical malpractice by Dr. Cardona, and they claim that defendant Ryder is vicariously liable for Dr. Cardona's alleged actions.

Defendant Ryder filed a motion for summary judgment on April 22, 2013, arguing that plaintiffs lack any evidence to establish Ryder as a co-tortfeasor of Dr. Cardona or to establish that Ryder's personnel was negligent.  (Docket No. 56 at 1–2.)  Plaintiffs subsequently filed their own motion for summary judgment, requesting that the Court find Ryder vicariously liable for Dr. Cardona's alleged actions.  (Docket No. 61.)  The Court referred the case to United States Magistrate Judge Velez-Rive, who issued a report and recommendation ("R&R") in which she recommended that the Court deny both motions for summary judgment.  (Docket No. 63.)  Defendant Ryder failed to object to the R&R.  On July 24, 2013, the Court adopted the magistrate judge's findings and denied both motions.  (Docket No. 80.)  Defendant Ryder now moves to certify to the Supreme Court of Puerto Rico the issue of whether the doctrine of apparent or ostensible agency relieves plaintiffs of the burden to prove a negligent act, omission or "*in eligendo; in vigilando* or *in contrahendo*" duties on part of the hospital.  (Docket No. 98 at 6.)

**II.  CERTIFICATION STANDARD**

The Supreme Court of Puerto Rico has established several prerequisites for accepting certified questions of Puerto Rico law from federal courts, one of which is fatal to defendant Ryder's petition:  "no clear precedents in the decisions of the Supreme Court of the Commonwealth of Puerto Rico" can exist.  P.R. Laws

Civil No. 11-2092 (FAB)                                                3

Ann. tit. 32, App. III, Rule 53.1(f); see also Pan Am. Comp. Corp. v. Data Gen. Corp., 112 D.P.R. 780, 788, 12 P.R. Offic. Trans. 983, 993 (1982) (interpreting the same provision in an earlier version of Rule 53.1's certification requirements).  In its previous Memorandum and Order, the Court cited two Puerto Rico cases addressing the apparent authority doctrine and thus held that "clear legal precedent" exists as a basis for holding the hospital vicariously liable for Dr. Cardona's alleged acts.  (Docket No. 80 at 9) (citing Marquez-Vega v. Martinez-Rosado, 116 D.P.R. 397; 16 P.R. Offic. Trans. 487 and Fonseca v. Inter-Am. Hosp. for Advanced Medicine (HIMA), 184 D.P.R. 281 (2012)).  Certification is not warranted, therefore, because defendant Ryder cannot meet all of Rule 53.1(f)'s requirements.  Moreover, the First Circuit Court of Appeals has held that "the purpose of certification [to a state court] . . . is not to permit a party to seek to persuade the state court to change what appears to be present law." Cantwell v. Univ. of Mass., 551 F.2d 879, 880 (1st Cir. 1977).  The court of appeals also does not look favorably on "trying to take two  bites at the cherry by applying to the state court after failing to persuade the federal court . . . .")   Id.   For these reasons alone, certification of defendant Ryder's issue is unwarranted. Nonetheless, the Court addresses Ryder's concern that the principles underlying Puerto Rico law are somehow inconsistent with imposing strict liability on a hospital for the exclusive

Civil No. 11-2092 (FAB)                                                                 4

negligence of a non-employee physician under the apparent or ostensible agency doctrine.

**III. DISCUSSION**

Defendant Ryder disputes that hospital liability for the exclusive negligence of a non-employee doctor can be sustained under the apparent or ostensible agency doctrine. It alleges that courts have misconstrued Supreme Court of Puerto Rico case law by allowing a plaintiff to invoke the theory without first requiring proof of two elements that are typically required for vicarious liability: (1) a negligent act or omission by the hospital and (2) the hospital's failure to comply with its legal duties of "in eligendo; in vigilando or in contrahendo." (Docket No. 98 at 5-6.) Because strict or absolute liability "is against the gist" of the concepts underlying articles 1802 and 1803 of the Puerto Rico Civil Code, defendant Ryder claims that hospital liability for Dr. Cardona's alleged negligence cannot stand unless the plaintiff retains his or her burden of proof of the two factors above. Id.

In Marquez-Vega, the Supreme Court of Puerto Rico embarked on a historical review of the evolution of hospital liability for a physician's malpractice. Its discussion began by recognizing the growth of the concept of hospitals as "merely institutions that provided some basic health care services" in the early twentieth century to modern times, in which "total health-care centers" hire physicians as part of their staff. Marquez-Vega, 16 P.R. Offic.

Civil No. 11-2092 (FAB)                                                        5

Trans. 487.  In light of that evolution, the Supreme Court of Puerto Rico identified three legal theories under which hospitals have become liable pursuant to what the Supreme Court of Puerto Rico characterizes as "North American law."  First, when there has been negligence on the part of the hospital's employees, medical staff, or agents, the institution is liable under the theory of *respondeat superior*.  Id.  Second, pursuant to the "corporate negligence" doctrine, a hospital may be liable for the negligent acts of a physician who was merely granted the privilege of using the hospital's facilities for his or her private patients.  Id. (explaining that pursuant to the corporate negligence doctrine, hospitals can be liable for their carelessness or imprudence in selecting a physician and granting him or her hospital privileges; failing to require a physician to keep abreast of professional advancement studies; or neglecting to monitor a physician's work adequately).  Third, a hospital may be liable for a physician's negligence under the "apparent or ostensible agency" doctrine, which is implicated "when a patient first comes to a hospital in search of help and he [or she] understands, or is given the impression, that all the medical staff attending him [or her] is employed by the hospital, regardless of whether or not it is."  Id.

After detailing the three recognized legal theories under "North American law," the Supreme Court of Puerto Rico turned to the doctrine under the Commonwealth's jurisdiction.  It

acknowledged that historically, "whenever this Court has held a hospital liable for malpractice with regard to patients interned [sic] in the same, it has always been on account of a negligent act on the part of the institution's *employees*; consequently the hospital's liability has been predicated on the vicarious liability doctrine." Marquez-Vega, 16 P.R. Offic. Trans. 487 (emphasis in original). It then went on to acknowledge, however, that given the historical evolution of hospitals, the doctrine under which hospitals are held liable has similarly expanded in Puerto Rico. Id. ("[T]he very same events which have caused the rapid evolution of the North American doctrine on hospital liability have already been felt in our jurisdiction. Consequently, our doctrine has also been undergoing a gradual development.").

The Supreme Court of Puerto Rico ultimately found that whether a hospital may be held liable for the malpractice committed exclusively by a physician who is not an employee depends on the patient-hospital relationship. Id.; Garcia-Colon v. Garcia-Rinaldi, 340 F.Supp.2d 113, 127 (D.P.R. 2004) (Dominguez, J.). The fundamental question is whether the patient entrusted his or her health to the hospital or to the physician. Marquez-Vega, 16 P.R. Offic. Trans. 487. When a patient "goes directly to the hospital seeking medical aid and the hospital 'provides' the physicians who treat him [or her]," then the hospital is jointly and severally liable for the physician's negligence because the patient has

Civil No. 11-2092 (FAB)                                                7

entrusted his or her health to the hospital.  Id.; Mercado-Velilla v. Asociacion Hosp. del Maestro, 902 F.Supp.2d 217, 236-37 (D.P.R. June 16, 2012) (Lopez, M.J.).  Under this scenario, the relationship between the physician and the hospital is not relevant.  Garcia-Colon, 340 F. Supp. 2d 113 at 127 ("[T]he Supreme Court [of Puerto Rico] found that in the described situation where the patient seeks for medical help directly at the institution, it did not matter if the doctor who was negligent was an employee of the institution, had privileges to work at the institution[,] or was part of the consulting staff of the institution.").  To the contrary, when the patient has first gone directly to the physician's private office and then is treated at the hospital "on the physician's recommendation merely because said institution is one of several which the physician has the privilege of using," the hospital cannot be held liable for the physician's exclusive negligence.  Mercado-Velilla, 902 F.Supp.2d at 236 (citing Marquez-Vega, 16 P.R. Offic. Trans. 487).  In that situation, however, the

hospital may be held liable for its own negligence.[1] Garcia-Colon, 340 F.Supp.2d at 127.

Thus, although historically a hospital's liability was based on the vicarious liability doctrine in Puerto Rico[2] and extended to a hospital's employees, Morales v. Monagas, 723 F.Supp.2d 416, 419 (D.P.R. 2010) (Gelpi, J.), the Supreme Court of Puerto Rico has made clear that the doctrine has expanded to situations where a patient seeks medical aid directly from a hospital and the hospital

---

[1] A hospital does owe an independent duty of care to its patients to, *inter alia*:

> (a) carefully select the physicians to whom it grants privileges; (b) require that such physicians stay abreast of the most recent developments in their respective fields; [and] (c) monitor the work of such physicians, intervening, when possible, in the face of an obvious act of medical malpractice by one of them.

Marquez-Vega, 16 P.R. Offic. Trans. 487; Garcia-Colon, 340 F. Supp. 2d at 127. In their complaint, however, plaintiffs do not allege that the hospital breached any independent duty to Rosa; rather, they premise the hospital's liability only on defendant Dr. Cardon's alleged negligence. Accordingly, this independent ground for hospital liability is inapposite.

[2] Article 1803 of the Puerto Rico Civil Code governs the vicarious liability doctrine in Puerto Rico and provides:

> [t]he obligation imposed by § 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible . . . . Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties.

P.R. Laws Ann. tit. 31, § 5142.

Civil No. 11-2092 (FAB)                                                    9

provides the treating physician — regardless of the physician's employment relationship with the hospital.  This is consistent with a fundamental concept underlying article 1803 and the evolution of hospitals as "total health-care centers."  A leading commentator on the Spanish civil code confirms that the liability imposed by article 1803 on those who must answer for the negligent act or omissions of another is not subsidiary ["subsidiaria"], but rather, direct.  Manresa, Comentarios al Codigo Civil Español, 5th ed., 1951, T.12, p. 665.  (Court's translation)  The law imposes such direct liability when a special relationship of authority or superiority exists, and harm is caused by the superior's dependents in the effectuation of services with which the superior has been entrusted.  Id. at p. 672.  As the Supreme Court of Puerto Rico explained, hospitals have earned the reputation as total health-care centers, and by providing physician services to a patient they are "'guaranteeing' to the patient that said physician, or any other who treats him [or her] under those circumstances, is a competent physician who is fit to render medical assistance."  Marquez-Vega, 16 P.R. Offic. Trans. 487.  Moreover, "from the patient's point of view[,] what he [or she] has in 'front' of him [or her] is the institution as such, not physicians independent and distinct from each other and from the hospital."  Id.  Holding the hospital liable for the doctor's negligence, regardless of the

Civil No. 11-2092 (FAB)                                                10

doctor's actual employment relationship with the hospital, therefore, is reasonable and consistent with Puerto Rico law.

In this case, Ryder Hospital may be held liable for Dr. Cardona's alleged negligence and malpractice. On September 12, 2009, Rosa sought admittance to the Emergency Room at Ryder for medical aid. As the Court previously found, "[t]here is no submission that [Rosa] was ever a former patient of Dr. Cardona or that the relationship established by said patient and the hospital was of an incidental nature." (Docket No. 63 at 7.) Instead, a physician at Ryder consulted Dr. Cardona in order to transfer Rosa to Dr. Cardona's care. Dr. Cardona ultimately accepted Rosa as his patient and performed an open cholecystectomy on her. Rosa thus entrusted her health to the hospital — not to the doctor — and because the patient went directly to Ryder seeking medical aid and the hospital provided Dr. Cardona as a treating physician, Ryder may be held jointly and severally liable for Dr. Cardona's negligence. That Dr. Cardona was not an employee of Ryder but instead had privileges to practice at Ryder and was a member of the institution's medical faculty staff does not affect the Court's conclusion.

**IV.   CONCLUSION**

For the reasons discussed above, the Court **DENIES** defendant Ryder's petition for certification of issue of law, (Docket

Civil No. 11-2092 (FAB)                                                11

No. 98).  It also **DENIES** plaintiffs' request for sanctions and attorney's fees, (Docket No. 99).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 15, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE