IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAUL CASILLAS-SANCHEZ, *et al.*, **Plaintiffs**, v. RYDER MEMORIAL HOSPITAL, INC., *et al.*, **Defendants**. | **Civil No.** 11-2092 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Between August 19 and August 27, 2013, a trial alleging medical malpractice pursuant to article 1802 of the Puerto Rico Civil Code was held. Now before the Court are defendants' motion for judgment as a matter of law, (Docket No. 129), and plaintiffs' motion for a new trial on damages, (Docket No. 128). For the reasons discussed below, both motions are **DENIED**.

I. **Defendants' Motion for Judgment as a Matter of Law**

At the close of plaintiffs' evidence at trial, defendants argued a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (Docket No. 107.) The Court granted the motion in part, dismissing the cause of action as to the matter of informed consent, but denied the motion regarding defendants' request to dismiss the medical malpractice cause of action. (Docket Nos. 107 & 110.) Defendants renewed their motion for judgment as a matter of law on August 26, 2013 before the case

Civil No. 11-2092 (FAB)                                                2

was submitted to the jury.  (Docket No. 113.)  The Court denied their motion, id., and on August 27, 2013, the jury returned a verdict for plaintiffs.  (Docket No. 119.)  The jury found that defendant Dr. Edgar Cardona-Traverzo was negligent in the laceration of Mrs. Rosa Sanchez ("Mrs. Sanchez")'s right portal vein and awarded plaintiffs damages in the amount of $79,000.00. Id.  On September 26, 2013, defendants renewed their motion for judgment as a matter of law pursuant to Rule 50(b), (Docket No. 129), and plaintiffs responded on October 14, 2013, (Docket No. 134).

In considering a Rule 50 motion, the Court must scrutinize the evidence in the light most favorable to the nonmoving party. Martinez-Serrano v. Quality Health Servs., 568 F.3d 278, 284 (1st Cir. 2009).  "[A] party seeking to overturn a jury verdict faces an uphill battle, [and a court's] review is weighted toward preservation of the jury verdict . . . ."  Monteagudo v. Asociacion de Empleados del Estado Libre Asociado, 554 F.3d 164, 170 (1st Cir. 2009) (quotations citation omitted).  "Courts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party."  Marcano Rivera v. Turabo Med. Ctr. P'ship., 415 F.3d 162, 167 (1st Cir. 2005) (citation omitted).

Defendants base their Rule 50(b) motion on plaintiffs' alleged failure to meet their burden of proof in the medical malpractice claim. They aver that plaintiffs' expert, Dr. Tomas Torres-Delgado, did not testify as to the proper standard of care that applied to Dr. Cardona in treating Mrs. Sanchez, and that instead he merely presented testimony that he would have chosen to treat the patient in a different manner. (Docket No. 129.) The Court finds defendants' arguments to be conclusory, however, because they neither cite to nor submit any evidence in support of their motion. In the spirit of <u>United States v. Zannino</u>, 895 F.2d 1 (1st Cir. 1990), the Court reminds parties that they have the obligation to spell out and support their arguments, or forever hold their peace. Defendants' motion for judgment of law, (Docket No. 129), is **DENIED without prejudice.** If defendants wish to resubmit the original Rule 50 argument with proper support, including the transcript of the expert's testimony, they must do so by **March 31, 2014**.

**II. Plaintiffs' Motion for a New Trial on Damages**

Plaintiffs classify the jury's awards to each plaintiff, which add up to $79,000, as "shocking awards that are against the clear weight of the uncontroverted evidence, and fail to even begin to compensate each plaintiff for their proven past, present, and future suffering." (Docket No. 128 at p. 2.) They claim that the verdict should be set aside and that a new trial limited to the issue of damages is warranted because there has been a "profound

Civil No. 11-2092 (FAB)                                                    4

miscarriage of justice."  Id.  Unsurprisingly, defendants oppose plaintiffs' motion.  (Docket No. 135.)

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial "on all or some of the issues" to any party.  The First Circuit Court of Appeals has explained:

> [w]here, as here, an appellant contests the insufficiency or excessiveness of a jury's award of damages in a personal injury case, he bears a particularly heavy burden. As we have said: "Translating legal damage into money damages — especially in cases which involve few significant items of measurable economic loss — is a matter peculiarly within a jury's ken." [Wagenmann v. Adams, 829 F.2d 196, 215 (1st Cir. 1987).] For just this reason, "we rarely will override the jury's judgment on the appropriate amount of damages to be awarded." Brown v. Freedman Baking Co., 810 F.2d 6, 11 (1st Cir. 1987). The jury, as we see it, is free to run the whole gamut of euphonious notes — to harmonize the verdict at the highest or lowest points for which there is a sound evidentiary predicate, or anywhere in between — so long as the end result does not violate the conscience of the court or strike such a dissonant chord that justice would be denied were the judgment permitted to stand. See Wagenmann, 829 F.2d at 215; Segal v. Gilbert Color Sys., 746 F.2d 78, 80-81 (1st Cir. 1984); McDonald v. Fed. Labs., 724 F.2d 243, 246 (1st Cir. 1984).  In other words, if — after scanning the evidence in the light most congenial to the nonmovant, Wagenmann, 829 F.2d at 215 — the verdict does not exceed or fall below "any rational appraisal or estimate of the damages that could be based on the evidence before the jury," Segal, 746 F.2d at 81 (citation omitted), it should be validated.

Milone v. Moceri Family, Inc., 847 F.2d 35, 37-38 (1st Cir. 1988). Because "the paramount focus in reviewing a damage award must be the evidence presented at trial," Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 579 (1st Cir. 1989), the Court turns to the record in this case.

Civil No. 11-2092 (FAB)                                                5

     At trial, plaintiffs Juanita Casillas-Sanchez, Cleto Casillas-Sanchez, Peter Casillas-Sanchez, Rosa Maria Casillas-Sanchez, Roberto Richardson-Casillas, Rosa Esther Casillas-Sanchez, John Casillas-Sanchez, and Paul Casillas-Sanchez testified as to their own experiences and emotional states regarding the loss of their mother and grandmother, Mrs. Sanchez, in 2009.  (See Docket Nos. 128-1 & 128-2.)  Collectively, their testimony lasted for two days, and described a "very close-knit family."  Id.  Each heir reminisced about his or her relationship with Mrs. Sanchez growing up, testified as to the amount of time he or she had spent in contact with Mrs. Sanchez from childhood up until her death in 2009, and described his or her feelings regarding the premature loss of Mrs. Sanchez's life.  Id.  Plaintiffs also admitted 24 photographs of themselves with Mrs. Sanchez to provide the jury with evidence regarding their family dynamics.  (See Docket No. 104.)

     Before the jury retired to the deliberation room, the Court read the jury instructions, three of which focused on damages.  The Court first instructed the jury to consider damages only if necessary:  "If the plaintiffs have proven their claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiffs are entitled."  (Docket No. 114 at p. 24.)  It then explained the concept of compensatory damages at length:

Civil No. 11-2092 (FAB)                                                    6

> If you find that the defendants are liable to the plaintiffs, then you must determine an amount that is fair compensation for all of the plaintiffs' damages. The purpose of compensatory damages is to make the plaintiffs whole — that is, to compensate the plaintiffs for the damage that they may have suffered or may suffer in the future.
>
> You may award compensatory damages only for the injuries that the plaintiffs prove that were proximately caused by the allegedly wrongful conduct of the defendants. The damages that you award must be fair compensation for all of the plaintiffs' damages. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiffs may have actually suffered or may suffer in the future.
>
> If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.
>
> You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate in light of the evidence.

Id. at pp. 25-26. Finally, it addressed mental and moral suffering: "Under Puerto Rico law, mental and moral suffering can be compensated only if plaintiffs show that their emotional condition has been substantially affected. A passing sadness or affliction is not a sufficient basis on which to award damages for mental or moral suffering. There is no exact standard for fixing the compensation to be awarded on account of emotional and mental suffering. Any such award should be fair and just in light of the

Civil No. 11-2092 (FAB)                                                    7

evidence presented." Id. at p. 27.  Neither the plaintiffs nor defendants objected to those damages instructions.

A jury is at liberty to assess the testimony of each plaintiff and determine his or her corresponding damages, and the verdict form awarding different sums to different heirs in this case has a foundation in the record.  Paul, John, Cleto, Rosa Maria, Juanita, and Peter Casillas-Sanchez, all of whom were children of Mrs. Sanchez, received $9,000. (Docket No. 119 at p. 2.)  The only child who received a larger sum — $20,000 — was Rosa Esther Casillas-Sanchez, and the only heir to receive less — $5,000 — was Mrs. Sanchez's grandson, Robert Richardson-Casillas.  Id. Construing the plaintiffs' testimony in favor of the verdict, it is reasonable to conclude that Rosa Esther received more than her fellow siblings because she spoke to her mother every other day, and she was the only child who flew to Puerto Rico to be with Mrs. Sanchez for the entire gallbladder surgery and its aftermath in 2009.  (Docket No. 128-2 at pp. 10-14.)  Similarly, one may reasonably infer that Robert received less than Mrs. Sanchez's children because he was a grandchild who moved to Florida when he was 8 years old and had only occasionally spoken to and/or visited Mrs. Sanchez since he was young.  (Docket No. 128-1 at pp. 50-52.) It is clear that the jury considered each plaintiff's damages individually, awarded a distinct sum to each heir, and thus rationally grounded its award on the record presented at trial.

Civil No. 11-2092 (FAB)                                              8

That plaintiffs are unhappy with the jury's numerical calculation of damages does not mean that they are entitled to a new trial on damages.  "[C]onverting feelings such as pain, suffering, and mental anguish into dollars is not an exact science," Mercado-Berrios v. Cancel-Alegria, 611 F.3d 18, 29 (1st Cir. 2010), and the jury enjoys significant freedom to assess those non-economic damages based on the evidence presented at trial.  A Court need not set aside the verdict simply because the jury's award in this case is significantly less than awards issued in other personal injury cases in this district.  See Havinga v. Crowley Towing & Transp. Co., 24 F.3d 1480, 1488 (1st Cir. 1994) (citation omitted).  The First Circuit Court of Appeals "cannot imagine overturning a jury award that has substantial basis in the evidence presented at trial merely because the amount of the award is somewhat out of line with other cases of similar nature,"[1] Gutierrez-Rodriguez, 882 F.2d at 579, and neither can this Court.  In light of the evidence presented at trial, the jury's award does not "cross the outer limit of the wide universe of acceptable

---

[1] The Court does not find the cases cited by plaintiffs to be persuasive, however, because they do not involve similar injuries, similar trial dates and locations, or similar evidence.  See Gutierrez-Rodriguez, 882 F.2d at 579 ("Where there are a series of similar cases arising out of the same context that are tried in the same locale, such an examination may be of some use.  The value of any comparison will depend upon the similarities of the injuries, the locations and dates of the trials, and of the evidence presented therein.") (citations omitted).

Civil No. 12-2024 (FAB)                                                                 9

awards."  Mercado-Berrios, 611 F.3d at 29.  Accordingly, plaintiffs' motion for a new trial, (Docket No. 128), is **DENIED**.

### III. Conclusion

Defendants' motion for judgment as a matter of law, (Docket No. 129), is **DENIED WITHOUT PREJUDICE**.  Plaintiffs' motion for a new trial on damages, (Docket No. 128), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 4, 2014.

                                              s/ Francisco A. Besosa
                                              FRANCISCO A. BESOSA
                                              UNITED STATES DISTRICT JUDGE